UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew B., | Civ. No. 22-2053 (PAM/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

This matter is before Court on the parties' cross-Motions for Summary Judgment. For the following reasons, Defendant's Motion is granted, and Plaintiff's Motion is denied.

**BACKGROUND**

Plaintiff Andrew B. filed an application for disability insurance benefits in May 2020, alleging that he had been disabled since May 14, 2019, due to chronic pain syndrome, undifferentiated connective tissue disease, psoriatic arthritis, psoriasis, a vitamin B12 deficiency, sensory neuropathy, bipolar disorder type 1 and 2, major depressive disorder, borderline personality disorder, and anxiety, which limit his ability to squat, bend, stand, walk, kneel, climb stairs, use his hands, complete tasks, concentrate, remember, and get along with others. (Admin. R. (Docket No. 22) at 25, 27.)

An individual is considered disabled for purposes of Social Security Disability Insurance benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can

perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

After a hearing, the Administrative Law Judge ("ALJ") determined that Plaintiff had the severe impairments of chronic pain syndrome, connective tissue disorder/psoriatic arthritis, sensory neuropathy, obesity, bipolar disorder, and major depressive disorder. (Admin. R. at 24.) The ALJ then determined that Plaintiff's impairments did not meet or medically equal the requirements of listed impairments. (Id.) The ALJ found that Plaintiff's RFC allowed him to perform work that exists in significant numbers in the national economy. (Id. at 31.) Thus, the ALJ determined that Plaintiff was not disabled. (Id. at 31-32.)

Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed the ALJ's determination that he was not disabled. Plaintiff contends that the ALJ's decision is not supported by substantial evidence in the record.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If substantial evidence in the record supports the Commissioner's decision, the

3

Court "may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome . . . or because [the Court] would have decided the case differently." McKinney, 228 F.3d at 863.

Plaintiff first argues that the ALJ erred in failing to account for his absenteeism from work due to receiving medical treatment and attending medical appointments. Each week, Plaintiff attends two three-hour sessions of group therapy and one hour of individual therapy, which Plaintiff contends would result in significant absences from work. (Admin. R. at 54.) However, the ALJ found that "[t]he medical evidence . . . does not support such intense treatment." (Id. at 29.) Indeed, Plaintiff provides no evidence regarding the medical necessity of his appointments' duration or frequency, and fails to demonstrate that his treatment must occur during working hours. See Leach v. Saul, No. 4:18cv1880-AGF, 2020 WL 473753, at *5 (E.D. Mo. Jan. 29, 2020) ("[T]here is no medical opinion from a treating doctor about Plaintiff's need to miss work or that the appointments need to take place during work hours."); Gregory v. Comm'r Soc. Sec., 742 F. App'x 152, 156 (8th Cir. 2018) ("[T]he record is unclear why [plaintiff] would need to miss an entire day of work to have his blood tested."). Additionally, Plaintiff's argument that the ALJ further erred by substituting his lay opinion for that of a medical professional lacks merit. The ALJ's role is to synthesize the evidence in determining Plaintiff's RFC. The ALJ did this in determining that Plaintiff failed to provide medical evidence to support his claimed absences from work. Plaintiff fails to demonstrate that the ALJ erred regarding Plaintiff's absenteeism.

4

Plaintiff further argues that the ALJ erred in failing to expressly evaluate Plaintiff's credibility and discuss his hearing testimony. However, "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005) (quoting Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001)). Thus, the Court "will not disturb the decision of an [ALJ] who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of [his condition]." Johnson v. Apfel, 240 F.3d 1145, 1148 (8th Cir. 2001) (quoting Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996)). Here, the ALJ made extensive findings regarding Plaintiff's reported symptoms. (Admin. R. at 27-29.) Specifically, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] . . . symptoms are not entirely consistent with the medical evidence and other evidence in the record" and that his "statements concerning the intensity, persistence and limiting effects of his alleged symptoms are not substantiated." (Id. at 27-28, 29.) Thus, the ALJ sufficiently explained his evaluation of Plaintiff's testimony. Moreover, it is not imperative that the ALJ use the term "credibility," as Plaintiff argues; rather, the ALJ must merely evaluate whether testimony is consistent with the entirety of the record, and the ALJ has done so. Soc. Sec. Ruling 16-3p: Titles II & XVI: Evaluation of Symptoms in Disability Claims, 16-3P, 2016 WL 1119029, at *1-2 (S.S.A. Mar. 16, 2016). Therefore, Plaintiff fails to demonstrate that the ALJ erred in his conclusions regarding Plaintiff's testimony, and the Court finds that substantial evidence supports the ALJ's decision.

Plaintiff next contends that the ALJ erred by failing to determine that borderline personality disorder was a medically determinable impairment. As an initial matter,

5

Plaintiff bears the burden to demonstrate that his borderline personality disorder constitutes a medically determinable impairment. See 20 C.F.R. §§ 404.1521, 404.1522, 416.921, 416.922. "To show an error was not harmless, [Plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred." Byes v. Astrue, 687 F.3d 913, 917 (8th Cir. 2012). Specifically, Plaintiff argues that the ALJ's RFC finding is not sufficiently restrictive in light of the anger outbursts, unstable relationships, and emotional dysregulation his borderline personality disorder ostensibly causes. "In the absence of clear direction from the Eighth Circuit, the prevailing view of courts in this District has been that an error at step two may be harmless where the ALJ considers all of the claimant's functional limitations as the result of impairments in the evaluation of the claimant's RFC." Polly O. v. Kijakazi, No. 20cv1820, 2021 WL 6297542, at *17 (D. Minn. Dec. 16, 2021) (Wright, M.J.).

Here, in the ALJ's RFC recommendation, he concluded that Plaintiff should have only occasional interactions with his coworkers and supervisors and no interaction with the public. (Admin. R. at 27.) While Plaintiff speculates that the ALJ could have included additional limitations due to his borderline personality disorder, Plaintiff points to no medical evidence to support a more restrictive RFC finding. Thus, the Court finds that the ALJ sufficiently considered the limitations that could stem from Plaintiff's borderline personality disorder, and that even if the ALJ were to have determined that Plaintiff's borderline personality disorder constituted a severe impairment, Plaintiff has not demonstrated that such a finding would have altered the ALJ's RFC calculation.

Substantial evidence in the record supports the ALJ's determination regarding Plaintiff's borderline personality disorder.

Finally, Plaintiff contends that the ALJ erred by failing to explain the persuasiveness of the medical opinions of two state agency medical consultants, Drs. Mark Anderson and Gregory Salmi. Although Plaintiff claims that the ALJ did not sufficiently explain how persuasive he found Drs. Salmi and Anderson's opinions, Plaintiff fails to describe how a further explanation would alter the ALJ's RFC conclusion. In any event, a further explanation of the ALJ's determination regarding the persuasiveness of their opinions would not affect the ALJ's RFC determination because the ALJ concluded that Plaintiff's RFC was more restrictive than the limitations that Drs. Anderson and Salmi included in their opinions of Plaintiff's capabilities. (Admin. R. at 29.) Therefore, Plaintiff fails to demonstrate that the ALJ's findings were not supported by substantial evidence.

**CONCLUSION**

Substantial evidence in the record supports the Commissioner's decision to deny benefits here. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 23) is **DENIED**; and
2. Defendant's Motion for Summary Judgment (Docket No. 25) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  April 3, 2023                           *s/ Paul A. Magnuson*
                                               Paul A. Magnuson
                                               United States District Court Judge